Detention Order Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 09-20208

v.

RICARDO DELGADO, II
_____/

**DETENTION ORDER PENDING TRIAL**

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.   Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX   (1)   The Government moved for detention at the Defendant's first appearance pursuant to:

      XX   18 U.S.C. § 3142(f)(1).

      __   18 U.S.C. § 3142(f)(2).

__   (2)   A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.   Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__   (1)   The Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__   (2)   The offense described in finding was committed while the Defendant was on

        release pending trial for a federal, state or local offense.

__    (3)    A period of less than five years has elapsed since

        __    the date of conviction, **or**

        __    the Defendant's release from prison for the offense described in finding (B)(1).

__    (4)    Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.    Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the Defendant has committed an offense:

    <u>XX</u>    for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act[1], **or**

    __    under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

    __    listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

    __    listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

    __    involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

    __    the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.    Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__    (1)    There is a serious risk that the Defendant will not appear.

__    (2)    There is a serious risk that the Defendant will endanger the safety of another person or the community.

---

[1]Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

\_\_    by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

\_\_    by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or**

XX    both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically cocaine.  I find that from the grand jury having returned an indictment, there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I note that when the Defendant was initially interviewed by Pretrial Services after his arrest in the Western District of Michigan, he exercised his right to not submit to an interview.  As a result, I have no information relating to the Defendant's background, and little was provided by Defendant's counsel.  However, the Defendant's prior

criminal history indicates that at age 20, he was convicted of delivery and manufacture of controlled substances. Defendant was sentenced to 36 months probation. Five years later, the Defendant was convicted in this court of conspiracy to distribute controlled substances. He was initially detained, but later released on bond. He was ultimately convicted of this charge, sentenced to 15 months custody in the Bureau of Prisons, followed by six years of supervised release. Pretrial Services reports that the Defendant violated the terms of his supervised release by committing new criminal offenses, violating a tether requirement, possessing a cellular telephone, associating with known felons and providing untruthful reports. He was remanded back to custody and released in February, 2008. Apparently while on release, a warrant was issued for the Defendant's failure to appear on a charge of operating while intoxicated. In 2004, the Defendant was convicted of operating while intoxicated, second offense. In 2006, the Defendant was convicted of possession of a firearm by a felon, and sentenced to one to five years imprisonment. He was paroled in 2007, and discharged from parole in 2008. The Defendant presently has an open warrant in his name filed four years ago by the Ottawa County Michigan District Court on charges of burglary and forced entry.

  Noting the fact that the Indictment in this case was filed on May 13, 2009, the Government argues that the Defendant has been a fugitive for the last four years. Counsel for Defendant notes that the Indictment was sealed at its filing and not unsealed until the Defendant's arrest. Counsel therefore argues that the Defendant could not have known of these charges. However, review of the documents in this case refutes this argument. Docket entry three indicates that on the day the Indictment was passed, it was indeed sealed. However, at the same time, a warrant was issued for the Defendant's arrest. This fact is corroborated by the electronic scanned copy of the indictment on which appears the handwritten notation "aw" next to the Defendant's name, indicating the issuance of an arrest

warrant. This is an entry made in the normal course of business by my Case Manager to memorialize the issuance of an arrest warrant. The only conclusion that I can reach from these facts is that the Defendant has in fact been a fugitive on these charges for the last four years. As I review these facts under the standards set forth in the Bail Reform Act, I conclude first that the presumption in favor of detention has not been rebutted. Even if it had been rebutted, in light of the Defendant's failures to appear, both in this and another case, coupled with his failure to comply with the conditions of his prior supervised release, I can find no conditions nor any combination of conditions that would reasonably assure either the safety of the community or the Defendant's appearance. In making this finding, I note that several circuits and numerous district courts have held that continued drug dealing, such as that evidenced by this Defendant, constitutes a danger to the community. *See, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("continued drug dealing does constitute a danger and threat to the community, and that fact alone justifies detention"); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, at *4 (D.P.R. Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, at *5 (E.D. Pa. Apr. 9, 2002). Accordingly, the Government's motion to detain will be **GRANTED.**

**Part III - Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable,

from persons awaiting or serving sentences or held in custody pending appeal. The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

## **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Rod O'Farrell, and served on Pretrial Services and the U.S. Marshals Service in the traditional manner.

Date: April 11, 2013          By    s/*Jean L. Broucek*
                              Case Manager to Magistrate Judge Binder