UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Case No. 1:09-cr-20208
.                                               Case No. 1:22-CR-20187-1
v.                                             Honorable Thomas L. Ludington
                                                  United States District Judge

RICARDO DELGADO II,

                                                  Honorable Patricia T. Morris
        Defendant.                     United States Magistrate Judge
_____/

**OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION FOR DISCOVERY OF SUPERVISED-RELEASE FILE AND DIRECTING UNITED STATES PROBATION OFFICE TO PRODUCE RECORDS FOR *IN CAMERA* REVIEW**

While on supervised release for the above-captioned case, *see* ECF No. 27 at PageID.131, Defendant Ricardo Delgado II was indicted for conspiracy to distribute and to possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846, possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), possession of a firearm furthering a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A), and unlawful use of a communication facility, 21 U.S.C. § 843(b). *United States v. Delgado*, No. 1:22-CR-20187-1 (E.D. Mich. Sep. 7, 2022), ECF No. 176.

On March 2, 2023, Defendant filed a motion seeking the supervised-release file from his 2009 criminal case, arguing the file is necessary for his defense in his pending 2022 criminal case because it will demonstrate that he lived in Detroit during the charged offenses. *See generally* ECF No. 45. The Government does not oppose the request, nor does Defendant's probation officer. *See* ECF No. 47.

Supervised-release files are court documents and, as such, are not *Brady* materials, as the Government notes. *See id.* at PageID.171. The Director of the Administrative Office of the United States Courts has issued policy directives in its Guide to Judiciary Policy concerning the disclosure

of probation records. *See* Guide to Judiciary Policy, Vol. 20, Ch. 8, § 810 *et seq.* (Revised July 5, 2016). The policy directive applies to all "judicial personnel," *id.* at § 810.30, which includes the United States Probation Office, *see* 18 U.S.C. § 3602 (delegating the appointment of probation officers to the district court); *see also United States v. Harris*, 635 F.2d 526, 528 (6th Cir. 1980) ("[T]he probation office is an arm of the court.").

Supervised-release files may be disclosed upon authorization from a district judge. *See* Guide to Judiciary Policy, Vol. 20, Ch. 8, § 840(b)(1) (Revised July 5, 2016). In determining whether and what conditions to impose on the release of such records, the court must consider 16 factors to determine the effect that it "will have on the ability of the federal judiciary or federal judicial personnel to perform their official duties." *Id.* § 850(a).

Production is warranted here. Producing the records that Defendant seeks is unlikely to hinder the United States Probation Office's ability to perform its official duties. And, though Defendant's request might reveal confidential information about him, *see id.* § 850(a)(11), the records are not available from other sources, *see id.* § 850(a)(15), and he is the one seeking the records for his own defense in a criminal case, making production necessary to prevent injustice, *see id.* § 850(a)(3); *cf. In re Morning Song Bird Food Litig.*, 119 F.Supp.3d 793, 804 (S.D. Ohio 2015) (denying production of court records because it was not necessary to the "ends of justice" and the information was available from other sources).

Yet there will be some conditions. To protect the judiciary's duties and confidentiality, this Court will conduct an *in camera* review before releasing the file, subject to a protective order, and will limit the scope of the file's release to records dated from July 19, 2021, to March 22, 2022.

And, as a final matter, the prior version of the same request that Defendant filed in his pending criminal case will be denied as moot. *See* Mot. Disc. Supervised Release File, *Delgado*,

No. 1:22-CR-20187-1 (Nov. 30, 2022), ECF No. 244.

Accordingly, it is **ORDERED** that Defendant's Motion for Release of Supervised Release File, ECF No. 45, is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** to the extent that it seeks production of records dated from July 19, 2021, to March 22, 2022, conditioned on this Court's *in camera* review; it is **DENIED** in all other regards.

Further, it is **ORDERED** that the United States Probation Office is **DIRECTED** to produce—to this Court only—records from Defendant's supervised-release file from Case No. 1:09-CR-20208, dated from July 19, 2021, to March 22, 2022. After the *in camera* review, this Court will issue a protective order that identifies the records that may be produced and directs the United States Probation Office to produce them to the Parties.

Further, it is **ORDERED** that Defendant's Motion for Discovery of Supervised Release File, *United States v. Delgado*, No. 1:22-CR-20187-1 (Nov. 30, 2022), ECF No. 244, is **DENIED AS MOOT**.

Dated: March 31, 2023                              s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge